**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4360
_____

EAPEN VARGHESE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-999-587)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2013
Before:  SLOVITER, CHAGARES and GREENBERG, <u>Circuit Judges</u>

(Opinion filed: April 15, 2013)
_____

OPINION
_____

PER CURIAM

Eapen Varghese petitions for review of a final order of removal of the Board of

Immigration Appeals ("BIA").  For the reasons set forth below, we will deny the petition

for review.

The facts being well-known to the parties, we highlight only those that are pertinent to our decision. Varghese, a native and citizen of India, entered the United States as a P-2 immigrant in 1990. He first appeared before an Immigration Judge ("IJ") in 2010, after violating a protective order. At that time, he was represented by an attorney and was granted cancellation of removal. (A.R. 56-57.) After he was again convicted of violating a protective order in 2012, the Department of Homeland Security ("DHS") initiated removal proceedings against him pursuant to 8 U.S.C. § 1227(a)(2)(E)(ii). (A.R. 89-90.) Varghese was personally served with a Notice to Appear ("NTA"), advising him of his right to an attorney and containing a list of attorneys that provided free legal services. (A.R. 93, 96.)

Varghese appeared before the same IJ on June 13, 2012, and was not represented by an attorney. The IJ asked him if he understood his "right to be represented by an attorney at no expense to the United States Government." (A.R. 53.) After answering affirmatively, Varghese confirmed that he wanted to talk to the IJ by himself. Varghese admitted all of the factual allegations in the Notice to Appear ("NTA"), including his conviction for violating the protective order, and conceded that he had already received cancellation of removal. The IJ told him that he could not receive that relief again, denied his request for voluntary departure, and ordered him removed to India. (A.R. 57-58; 61.)

After retaining the same attorney who represented him in 2010, Varghese appealed the IJ's decision, arguing that the IJ improperly proceeded with the evidentiary hearing

2

because Varghese did not knowingly waive his right to an attorney. (A.R. 11-12.) The BIA dismissed Varghese's appeal. (A.R. 7.) The BIA found that the IJ did not violate Varghese's right to counsel, because the transcript revealed that he knowingly waived his right to counsel and chose to proceed with the hearing. (A.R. 6-7.) Additionally, the record contained a list of free legal services that was signed by Varghese. (A.R. 7.) The BIA also affirmed the IJ's finding that removability was established by clear and convincing evidence because Varghese admitted his conviction for violating a protective order. (A.R. 6.) Varghese's petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Varghese argues that the IJ violated 8 C.F.R. § 1240.10, and therefore, the order of removal should be vacated and a new hearing conducted. See Leslie v. Att'y Gen., 611 F.3d 171, 175 (3d Cir. 2010). The Government responds that the IJ complied with the requirements set forth in 8 C.F.R. § 1240.10 and did not violate Varghese's right to counsel. We agree.

The IJ specifically informed Varghese that he had a right to an attorney at no expense to the Government. See 8 C.F.R. §§ 1240.10(a)(1)-(a)(2). Varghese twice told the IJ that he wanted to talk to him without an attorney. (A.R. 53.) Further, the record reflects that Varghese received a list of free legal services, see 8 C.F.R. § 1240.10(a)(3), as that list was entered into evidence at the hearing and bore his signature (A.R. 93, 96). Based on the record, we cannot say that the IJ failed to follow the regulation (as was the case in Leslie, 611 F.3d at 175), such that Varghese was deprived of his constitutional right to counsel.

3

Varghese also argues that the IJ failed to comply with 8 C.F.R. § 1240.10(a)(4) because he was not advised of his right to examine and object to the evidence presented against him.[1] The Government argues that we lack jurisdiction to consider this claim because it was not first presented to the BIA, see 8 U.S.C. § 1252(d), or in the alternative, that the claim is meritless.

We agree that we lack jurisdiction to consider this argument. Varghese was represented by counsel on appeal to the BIA, and the record reflects that he did not argue that the IJ violated § 1240.10(a)(4) at his hearing. Because Varghese failed to "exhaust[] all administrative remedies available" to him before the BIA, we cannot exercise jurisdiction over that claim. 8 U.S.C. § 1252(d); see also Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005) (failure to argue procedural due process claims to BIA is "fatal to our jurisdiction"). We will, therefore, deny the petition for review.

---

[1] The IJ's compliance with the remainder of the regulation, that is, §§ 1240.10(a)(5)-(a)(7), is undisputed.